IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SECURE AXCESS, LLC, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| NINTENDO OF AMERICA INC., | § | |
| MICRO ELECTRONICS, INC., | § | Case No. 2:13-cv-00032-JRG |
| HASTINGS ENTERTAINMENT, INC., | § | |
| GAME STOP CORPORATION, | § | **JURY TRIAL DEMANDED** |
| WAL-MART STORES, INC., | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| BEST BUY STORES, L.P., | § | |
| BESTBUY.COM, LLC, | § | |
| K MART CORPORATION, | § | |
| TARGET CORPORATION, | § | |
| TOYS "R" US-DELAWARE, INC., and | § | |
| AMAZON.COM, LLC, | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR
MOTION TO SEVER AND TRANSFER THE CLAIMS AGAINST NINTENDO AND TO
STAY THE CLAIMS AGAINST THE RETAILER DEFENDANTS**

Defendants respectfully submit this Joint Reply in Support of Their Motion to Sever and Transfer the Claims Against Nintendo and to Stay the Claims Against the Retailer Defendants ("Retailers") (Dkt. 61).

Severance is permitted "if three factors are met: (1) whether the remaining claims are peripheral to the severed claims; (2) whether adjudication of the severed claims would potentially dispose of the remaining claims; and (3) whether the § 1404(a) factors warrant transfer of the severed claims." *Shifferaw v. EMSON USA*, No. 09-cv-54, 2010 U.S. Dist. LEXIS 25612, *4 (E.D. Tex. Mar. 18, 2010). Here, all three factors are met.

**I.    The Claims against the Retailers are Peripheral.**

Plaintiff does not identify a shred of evidence that would make the Retailers anything other than "peripheral." The most that Plaintiff can muster is that the Retailers are not "peripheral" because the royalty base will be different (for sales of the same products) for the Retailers in comparison to Nintendo. (Dkt. 69, pp. 6-9.) Plaintiff's arguments fail for the reasons below.

**A.  Plaintiff Fails to Distinguish *Shifferaw*.**

This case is squarely on point with *Shifferaw*. Other than simply stating that the facts in *Shifferaw* are distinguishable, Plaintiff does not explain how *Shifferaw* is distinguishable. (Dkt. 69, p. 5.) The key factors that led to the result in *Shifferaw* are present here and not contested by Plaintiff. *Shifferaw*, 2010 U.S. Dist. LEXIS 25612, at *9-11. Like the manufacturer in *Shifferaw*, Nintendo is the ***only*** Defendant that is involved with the design, development, and manufacture of the accused products. And as in *Shifferaw*, the Retailers here are not involved in the design or manufacture of the accused products, and "their only relevant conduct [is] the resale of products purchased from [the manufacturer]." *Id*. at *10.

**B.  The Claims against the Retailers are not Independently Significant.**

Notably, Plaintiff does not argue that the issues of infringement or validity as they pertain to Nintendo are different or "independently significant" from those that pertain to the Retailers. Rather, Plaintiff's entire argument that the claims against the Retailers are independently significant from the claims against Nintendo rests on the premise that the measure of damages against Nintendo may be different from the measure of damages against the Retailers. Plaintiff puts forth two arguments in support of its position: (1) the Retailers sell the Products for a higher

1

price than does Nintendo; and (2) the Retailers sometimes sell other products "bundled" with the Products. Both arguments lack merit and are inapposite to *Shifferaw*.

Plaintiff's first argument fails because it ignores that retail sellers will always sell for a higher price than the price charged by the wholesale seller. That is inherent in the chain of distribution of any product. Plaintiff's argument would nullify the result in *Shifferaw*, because it would apply to all claims for patent infringement by products sold in a chain of distribution.

Plaintiff's second argument also fails because Plaintiff ignores that a patentee can collect only one royalty from patent infringement. *Id.* at *10-11 (plaintiff cannot receive a double recovery for the same sales); *Koh v. Microtek*, 250 F. Supp. 2d 627, 632-33 (E.D. Va. 2003) (holding that patentee cannot recover twice for same sale) (citing *Intel v. ULSI* , 995 F.2d 1566, 1568-69 (Fed. Cir. 1993) (holding that patentee can collect only one royalty from patent infringement)).

Plaintiff cites three cases in support of its argument: *Fujifilm Corp. v. Benun*, 605 F.3d 1366 (Fed. Cir. 2010), *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551 (Fed. Cir. 1983); and *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F.3d 1371, 1385 (Fed. Cir. 2001). Plaintiff's reliance on these cases is misplaced as none of these cases relate to severance. Further, these cases are distinguishable. In these cases, the infringing product and non-infringing product were inseparable, and the two could not be segregated for purposes of calculating a reasonable royalty. *See Fujifilm,* 605 F.3d at 1372; *Deere*, 710 F.2d at 1553, 1555, 1559; *Infinite*, 274 F.3d at 1375, 1385. The test for "convoyed sales" is whether "both the patented and unpatented products 'together were considered to be components of a single assembly or parts of a complete machine, or they together constituted a functional unit.'" *Am. Seating Co. v. USSC Group*, 514 F.3d 1262, 1268 (Fed. Cir. 2008). Here, the games are separate from the accused handhelds - they are designed and manufactured separately from the accused handhelds, and the two are not "parts of a complete machine," nor do they constitute a functional unit with the subject matter of the patent-in-suit. Further, Plaintiff's argument relating to forum shopping has no bearing on the issue of whether claims against retailers are peripheral.

Plaintiff's argument about a difference in possible damages against the Retailers is similar to

the argument made, and rejected, in *Shifferaw*. In *Shifferaw*, the plaintiff argued that the retailers were liable for willful infringement, based on facts unique to the retailers, and thus the damages for those retailers would be different from the damages for Mishan, the manufacturer. 2010 US Dist. LEXIS 25612, at *8-9. Rejecting this argument, this Court noted that if Mishan were found liable, and the plaintiff had to present evidence of willfulness against the retailers, then, "this is not a case where severance will create multiple lawsuits that have to be developed in their entirety." *Id.* at *11. As the Court noted, severance would not impose a significant burden on the plaintiff, the witnesses, or the court system, because there was no risk that the core issues of infringement and validity would have to be adjudicated by multiple courts. *Id.*

## II. Adjudication against Nintendo Will Potentially Dispose the Remaining Claims.

Any liability on the part of the Retailers turns completely on Nintendo's liability. Plaintiff does not dispute that a judgment in favor of Nintendo would be a judgment in favor of the Retailers or that a judgment against Nintendo for infringement would establish the Retailers' liability for infringement. Rather, Plaintiff contends that a judgment against Nintendo would not dispose of Plaintiff's claims against the Retailers because claims for damages would remain, requiring Plaintiff to engage in discovery in this District.

Plaintiff's argument fails for at least two reasons. First, the test under *Shifferaw* is not whether adjudication of the severed claims would *completely* dispose the remaining claims. The issue is whether "adjudication of the severed claims would *potentially* dispose of the remaining claims." *Id.* at *4 (emphasis added). Because a judgment in favor of Nintendo would exonerate the Retailers, adjudication of the severed claims in Washington has the *potential* of disposing of all of the remaining claims, and thus satisfies *Shifferaw*. Second, Plaintiff's contention that it would be forced to engage in discovery in this District is not dispositive because Plaintiff can seek relevant discovery from the Retailers in the Western District of Washington.

## III. The Claims Against Nintendo Belong in the Western District of Washington[1].

Notably, Plaintiff does not dispute the following key facts that support transfer:

---
[1] Plaintiff argues that Defendants did not object to this Court as a proper venue. Dkt. 69, p.1. This is incorrect. Dkts. 35-43, ¶ 17

- None of Plaintiff's potential witnesses or key executives reside in the Eastern District of Texas. (Dkt. 61, pp. 3, 11; Dkt 61-1, ¶¶ 1, 25, 30 , 31, 36.)

- Plaintiff is managed by Zamalchi Research, LLC, located in Wilmington, Delaware. (Dkt. 61, pp. 3-4, 11; Dkt 61-1, ¶ 15 (Ex. 15).)

- Travel times for Plaintiff's executives (not including its Legal Officer) to Marshall, Texas are comparable to their respective travel times to the Western District of Washington (the "Washington District"). (Dkt. 61, p. 13; Dkt. 61-1, ¶¶ 24-40 (Exs. 18-23).)

- Defendant Nintendo has a principal place of business in Redmond, Washington, and does not own or operate an office in this District. (Dkt. 61, pp. 4-5; Dkt. 61-2, ¶ 2.)

- It would be significantly more costly and burdensome for Nintendo witnesses to travel to this District than to attend trial in the Washington District. (Dkt. 61, p.12; Dkt. 61-2, ¶¶ 13, 15.)

- Most of Nintendo's marketing, sales, and financial documents are located in the Washington District, and technical documents relating to the Products will be located in Redmond, Washington. (Dkt. 61, p. 10; Dkt. 61-2, ¶¶ 6-9.)

- Average time to trial in the Washington District is less than the average time to trial in this District. (Dkt. 61, p. 14; Dkt. 61-1 (Exs. 24-25).)

In view of these undisputed facts, Plaintiff cannot refute the conclusion that the Washington District is clearly more convenient. Plaintiff's only apparent connection with this District is the presence of a virtual office in Plano, Texas. The presence of that office, however, does not defeat transfer because the only identified employee that uses Plaintiff's office as a "primary place of work" is Mr. Alan Carlson. (Dkt. 69-1, ¶ 2.) But Mr. Carlson resides in Austin, Texas (Dkt. 61-1, ¶ 31), which is three and a half hours away from Plaintiff's Plano office. Ex. 31. Indeed, other than a conclusory statement that the Plano office is used by other employees, Plaintiff does not identify any potential witness or any other employee who works in that office, which is only about 180 square feet. Ex. 32.

In its Opposition, Plaintiff argues that Nintendo failed to identify "key witnesses" that would be inconvenienced by litigation in this District. A determination of which witnesses are "key

witnesses" is not appropriate in deciding transfer of this case. *In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009). As Plaintiff admits, Nintendo provided a list of potential witnesses and statements regarding their scope of knowledge. (Dkt. 69, p. 11; Dkt. 61-2, ¶¶ 12-15.) Plaintiff additionally argues that Nintendo failed to identify any non-party witnesses. There is no requirement, and Plaintiff cites none, that Nintendo list non-party witnesses.

Further, Plaintiff argues that Nintendo will suffer no added inconvenience accessing sources of proof in this District. This Court, however, has noted that, "[a]lthough documentary evidence is often stored electronically, the Court considers the physical location of the evidence." *GeoTag, Inc. v. Aromatique, Inc.*, Case No. 2:10-cv-570, slip op. at pp. 3-4 (E.D. Tex. Jan. 14, 2013). Ex. 30. Here, Plaintiff does not dispute that most of Nintendo's marketing, sales, financial, and technical documents will be located in the Washington District.

In addition, Plaintiff argues that the Washington District does not have a stronger interest than this District. This is incorrect in view of at least the following facts: (1) Nintendo is headquartered in Washington, and has no offices in this District, (2) none of Plaintiff's potential witnesses or key executives reside in this District, (3) Plaintiff's only apparent connection is a virtual office in Plano, Texas, and (4) the only identified employee that uses Plaintiff's virtual office resides three and a half hours away from that office.

Further, Plaintiff argues that transfer of the case will waste judicial resources and may give rise to conflicting constructions of the Asserted Patent. This Court, however, has recently noted:

> The Court will not permit the existence of separately filed cases to sway its transfer analysis. Otherwise, a plaintiff could manipulate venue by serially filing cases within a single district. Allowing a plaintiff to manufacture venue based on this alone would undermine the principals [*sic*] underpinning transfer law.

*See GeoTag*, No. 2:10-cv-570, slip op. p. 10 (E.D. Tex. Jan. 14, 2013) (Ex. 30).

## IV. Conclusion.

For the foregoing reasons, Defendants respectfully request that the Court sever and transfer the claims against Nintendo, and stay the remaining claims pending resolution of the claims against Nintendo.

Dated: August 9, 2013

Respectfully submitted:

By: /s/ Jay F. Utley
    Jay F. Utley
    Texas Bar No. 00798559
    BAKER & MCKENZIE LLP
    2300 Trammell Crow Center
    2001 Ross Avenue
    Dallas, TX 75201
    (214) 978-3000
    FAX: (214) 978-3099
    Jay.Utley@bakermckenzie.com

    Daniel J. O'Connor (Lead Counsel)
    Illinois Bar No. 2086271
    Omar Galaria
    Illinois Bar No. 6303352
    BAKER & MCKENZIE LLP
    300 E. Randolph Street, Suite 5000
    Chicago, IL 60601
    (312) 861-2790
    Fax: (312) 698 2325
    Daniel.O'Connor@bakermckenzie.com
    Omar.Galaria@bakermckenzie.com

    Trey Yarbrough Bar No. 22133500
    Debby E. Gunter Bar No. 24012752
    YARBROUGH WILCOX GUNTER, PLLC
    100 E. Ferguson St., Ste. 1015
    Tyler, TX 75702
    (903) 595-3111
    Fax: (903) 595-0191
    trey@yw-lawfirm.com
    debby@yw-lawfirm.com

**Attorneys For Defendants Nintendo of America Inc., Micro Electronics, Inc., Hastings Entertainment, Inc., GameStop Corp., Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Best Buy Stores, L.P., Bestbuy.com LLC, K Mart Corporation, Target Corporation, Toys "R" Us-Delaware, Inc., and Amazon.com, LLC**

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 9th day of August, 2013. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/   Omar Galaria*
Omar Galaria