IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE AXCESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>NINTENDO OF AMERICA INC., ET AL. | Case No. 2:13-cv-00032-JRG (Lead Case) |
| ACCELL CORPORATION, ET AL.<br><br>    Defendants. | Case No. 2:13-cv-00289-JRG |

**RETAILER DEFENDANTS' EMERGENCY OPPOSED MOTION TO STAY CASE SCHEDULE AS TO THEM AND REQUEST FOR AN EXPEDITING BRIEFING SCHEDULE**

Retailer Defendants from the Lead Case (No. 2:13-cv-00032-JRG)[1] move this Court to stay upcoming deadlines as they apply to the Retailer Defendants only pending the Court's ruling on Defendants' Joint Motion to Sever and Transfer the Claims Against Nintendo and to Stay the Claims Against the Retailer Defendants ("Defendants' Motion to Sever") (Dkt. 61). Further, in light of upcoming deadlines in this case identified in the current Docket Control Order (Dkt. 108), the Retailer Defendants respectfully request that the Court order expedited briefing so that the present motion to stay can be resolved before the Retailer Defendants are required to incur the potentially unnecessary burden and expense of producing documents on December 16, 2013, under the current Docket Control Order and Discovery Order (Dkt. 86).

---

[1] For the purposes of this motion to stay, Retailer Defendants from the Lead Case are Micro Electronics, Inc., Hastings Entertainment, Inc., GameStop Corp., Best Buy Stores, L.P., BestBuy.com, LLC, K Mart Corporation, Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Target Corporation, Toys "R" Us-Delaware, Inc., and Amazon.com, LLC, and Amazon.com, Inc.

The Retailer Defendants are only peripherally involved in this action, with their sole allegedly relevant conduct being the sale or resale of the Nintendo products accused in this case. As explained below, given their role as peripheral Defendants, a stay of the deadlines as to the Retailer Defendants will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff, Secure Axcess, LLC (the "Plaintiff"). Further, a stay of the deadlines as to the Retailer Defendants will simplify the issues in this case. In addition, because the case is in its early stages, a stay at this juncture will prevent the Retailer Defendants from having to engage in costly and potentially unnecessary discovery.[2]

Consistent with the Federal Circuit's guidance in *In re Fusion-IO, Inc.,* 489 F. App'x 465 (Fed. Cir. 2012) (unpub.), and for the reasons explained below, the Retailer Defendants respectfully request that the Court stay all deadlines relating to them pending resolution of Defendants' Motion to Sever.

## I. THE DEADLINES, AS THEY RELATE TO THE RETAILER DEFENDANTS, SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION TO SEVER.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for the litigants. *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-cv-2391, 2005 U.S. Dist. LEXIS 22047, at *28 (N.D. Tex. Sept. 30, 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). Courts routinely stay claims against the retailers that merely sell the allegedly infringing articles. *See, e.g., Shifferaw v. EMSON USA,* No. 2:09-cv-54, 2010 U.S. Dist. LEXIS 25612, at *12 (E.D. Tex. Mar. 18, 2010); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 637-641 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F.

---

[2] Movants are mindful of paragraph 10 of the Court's Discovery Order and therefore seek leave for relief from the pertinent provisions of the Order due to the particular circumstances of this case.

Supp. 2d 574, 593 (D.N.J. 2001); *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 817 (E.D. Va. 2001); *Oplus Techs. v. Sears Holding Corp.*, No. 1:11-cv-8539, 2012 U.S. Dist. LEXIS 83597, at *7-8 (N.D. Ill. June 15, 2012); *Gold v. Burton Corp.*, 949 F. Supp. 208, 210 (S.D.N.Y. 1996); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F.Supp. 970, 974 (N.D. Ill. 1973).

In determining whether to order a stay, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255, at *9 (E.D. Tex. Sept. 20, 2010).

Here, each of these factors counsels strongly in favor of a stay of the subject deadlines.[3]

First, granting the requested stay will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff. The Retailer Defendants are only peripherally involved in this action, with their sole allegedly relevant conduct being the sale or resale of the Nintendo products accused in this case. The Accused Products in this case are Nintendo products, and the Retailer Defendants do not have any knowledge of, participate in, provide assistance with, or have any involvement in the development, design, manufacture, or importation of the Accused Products. *See* Declarations of the Retailer Defendants (Dkts. 61-3 through 61-11 & 104-2). None of the Retailer Defendants possesses or has received any technical documents relating to the architecture, hardware, software, or functionality of the Accused Products. *Id*. Further, any technical information relating to the Accused Products that the Retailer Defendants may possess

---

[3]It is not Movants' intent to re-argue the Defendants' Motion to Sever but the same analysis and considerations that apply to such a motion to sever and stay apply to Movants' motion here and, Movants respectfully submit, support it.

would also be in Nintendo's possession.  In addition, the sale or resale of the accused Nintendo products by the Retailer Defendants does not change Plaintiff's measure of damages because a patentee can collect only one royalty from patent infringement.  *Shifferaw*, 2010 U.S. Dist. LEXIS 25612, at *10-11 (holding that plaintiff cannot receive a double recovery for the same sales by retailers).  Accordingly, a stay as to the Retailer Defendants will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff.

Second, a stay as to the Retailer Defendants will simplify the issues in question and trial of the case, and thus the second factor weighs in favor of a stay.  As peripheral Defendants, the involvement of Retailer Defendants in this case will have no impact on the underlying merits of whether the accused Nintendo products infringe the asserted patent.  Should the accused Nintendo products be found not to infringe, the issue of what relevant sales the Retailer Defendants have made can be avoided entirely.  *See Shifferaw,* 2010 U.S. Dist. LEXIS 25612, at *9-11 (ordering a stay as to retailer defendants and noting that the retailer defendants were peripheral and could only be found liable if the claims against the defendant manufacturer of the accused products were resolved in favor of the plaintiff).

And third, the procedural posture of this case also weighs in favor of a stay of the subject deadlines.  Discovery is not complete in this action; in fact, it has not meaningfully begun.  Indeed, the very purpose of this motion is to avoid potentially unnecessary discovery by the Retailer Defendants.  A stay pending resolution of the Defendants' Motion to Sever should be granted because it would avoid costly expenditures of time and effort relating to discovery from the Retailer Defendants.  *See Constellation IP, LLC v. Allstate Corp.,* No. 5:07-cv-132, 2008 U.S. Dist. LEXIS 46820, at *13-14 (E.D. Tex. May 12, 2008) (noting that early stages of the litigation at issue and the upcoming deadlines relating to claim construction weighed in favor of

granting a stay).

Finally, the Federal Circuit's recent opinion in *In re Fusion-IO, Inc.* counsels toward staying all substantive proceedings in this case pending resolution of Defendants' Motion to Sever. *See In re Fusion-IO, Inc.*, 89 F. App'x at 466 (suggesting that the appropriate course where severance and transfer are sought is for "[defendant] to promptly request transfer in the lead case along with a motion to stay proceedings pending disposition of the transfer motion, and for the district court to act on those motions before proceeding to any motion on the merits of the action").

For the foregoing reasons, the Retailer Defendants respectfully request that the Court stay all deadlines pertaining to the Retailer Defendants pending resolution of Defendants' Motion to Sever.

## II.   THE RETAILER DEFENDANTS REQUEST THE COURT TO ORDER EXPEDITED BRIEFING.

In light of the upcoming deadlines set in the Docket Control Order and, in particular, the December 16, 2013 deadline for the Retailer Defendants to produce documents, the Retailer Defendants respectfully request that the Court order expedited briefing so that this motion to stay can be resolved before December 16th.  Accordingly, the Retailer Defendants request that the Court order that the deadline for Plaintiff to file a response in opposition to this motion is Wednesday, December 4, 2013.  The Retailer Defendants hereby waive their right to file a reply to Plaintiff's opposition so as to provide sufficient time for the Court to rule on this motion. Because the Retailer Defendants have waived their right to file a reply, the Plaintiff will not need to file a sur-reply.  Accordingly, briefing on this motion can close when Plaintiff files its opposition to this motion.

## III.     CONCLUSION

For the foregoing reasons, the Retailer Defendants respectfully request that the Court grant their request for expedited briefing as set forth above, grant this opposed motion to stay upcoming deadlines pertaining to the Retailer Defendants pending resolution of Defendants' Motion to Sever, and grant them such other and further relief as the Court may deem appropriate.

Dated:   November 27, 2013                    Respectfully submitted:

        By: */s/ Jay F. Utley*
           Jay F. Utley
           Texas Bar No. 00798559
           BAKER & MCKENZIE LLP
           2300 Trammell Crow Center
           2001 Ross Avenue
           Dallas, TX 75201
           (214) 978-3000
           FAX:  (214) 978-3099
           Jay.Utley@bakermckenzie.com

           Daniel J. O'Connor (Lead Counsel)
           Illinois Bar No. 2086271
           Omar Galaria
           Illinois Bar No. 6303352
           BAKER & MCKENZIE LLP
           300 E. Randolph Street, Suite 5000
           Chicago, IL 60601
           (312) 861-2790
           FAX: (312) 698-2325
           Daniel.O'Connor@bakermckenzie.com
           Omar.Galaria@bakermckenzie.com

           Trey Yarbrough Bar No. 22133500
           Debby E. Gunter Bar No. 24012752
           YARBROUGH WILCOX GUNTER, PLLC
           100 E. Ferguson St., Ste. 1015
           Tyler, TX 75702
           (903) 595-3111
           FAX: (903) 595-0191
           trey@yw-lawfirm.com
           debby@yw-lawfirm.com

**Attorneys for Retailer Defendants Micro Electronics, Inc., Hastings Entertainment, Inc., GameStop Corp., Wal-Mart Stores, Inc., Wal-Mart Stores Texas, LLC, Best Buy Stores, L.P., BestBuy.com, LLC, K Mart Corporation, Target Corporation, Toys "R" Us-Delaware, Inc., Amazon.com, LLC, and Amazon.com, Inc.**

**CERTIFICATE OF CONFERENCE**

This is to certify that the undersigned counsel has complied with Local Rule CV-7(h) and has conferred with opposing counsel in a good faith attempt to resolve these matters without court intervention. Counsel for Plaintiff and the Retailer Defendants conducted a conference via telephone on November 26, 2013, and were unable to reach an agreement on the matters opposed herein.  The parties, through their counsel, participated in a meaningful discussion regarding their respective positions, but arrived at an impasse, resulting in the need for the Court's intervention and determination of the issue.

>                    */s/ Jay F. Utley*
>                    Jay F. Utley

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of September, 2013.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

>                    */s/ Jay F. Utley*
>                    Jay F. Utley