IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SECURE AXCESS, LLC,<br>        Plaintiff,<br><br>    v.<br><br>NINTENDO OF AMERICA INC., ET AL. | Case No. 2:13-cv-00032-JRG (Lead Case) |
| ACCELL CORPORATION, ET AL.<br><br>        Defendants. | Case No. 2:13-cv-00289-JRG |

## *EMERGENCY MOTION*

## EMERGENCY MOTION TO STAY PROCEEDINGS AND REQUEST FOR EXPEDITED BRIEFING

Defendants from the Lead Case (No. 2:13-cv-00032-JRG)[1] respectfully move this Court to stay all substantive proceedings, deadlines, and discovery obligations pending the Court's ruling on (1) the Motion to Sever and Transfer the Claims Against Nintendo and to Stay the Claims Against the Retailer Defendants ("Motion to Sever and Transfer") (Dkt. 61) and (2) the Retailer Defendants' Motion to Stay Case Schedule ("Retailer Defendants' Motion to Stay") (Dkt. 120).

Defendants are mindful that the relief sought by the instant motion is similar to the relief sought by the Retailer Defendants' Motion to Stay.  Defendants seek this remedy because the parties are now embarking on claim construction and the movants believe that claim construction

---

[1] For the purposes of this motion to stay, Defendants from the Lead Case include Nintendo Co., Ltd., Nintendo of America Inc., Micro Electronics, Inc., Hastings Entertainment, Inc., GameStop Corp., Best Buy Stores, L.P., BestBuy.com, LLC, K Mart Corporation, Target Corporation, Toys "R" Us-Delaware, Inc., and Amazon.com, LLC, and Amazon.com, Inc. (hereinafter referred to as "Movants" or the "Defendants").

should not go forward until there has been a ruling on the pending Motion to Sever and Transfer. Absent a stay, under the current schedule, the parties and the Court will shortly be addressing important substantive issues going to the merits of the case. Movants believe that activity should not go forward until the issues in the pending Motion to Sever and Transfer have been resolved.

Consistent with the Federal Circuit's guidance in *In re Fusion-IO, Inc.,* 489 F. App'x 465 (Fed. Cir. 2012) (unpub.) and *In re Nintendo Co. Ltd.*, No. 2013-151, 2013 U.S. App. LEXIS 19606 (Fed. Cir. Sept. 25, 2013), and for the reasons explained below, Defendants respectfully request that the Court stay all substantive proceedings, deadlines, and discovery obligations relating to them pending resolution of (1) the Lead Defendants' Motion to Sever and Transfer and (2) the Retailer Defendants' Motion to Stay.

## I.    BACKGROUND

On June 18, 2013, Lead Defendants filed their Motion to Sever and Transfer.

On July 19, 2013, the Court entered an order for a scheduling conference on August 8, 2013. (Dkt. 64.)

On July 26, 2013, Plaintiff filed its opposition to the Motion to Sever and Transfer. (Dkt. 69.)

On August 2, 2013, the Court consolidated a co-pending case, *Secure Axcess, LLC v. Accell Corp. et. al.* (Case No. 2:13-cv-289), with the Lead Case. (Dkt. 72.)

On August 9, 2013, Lead Defendants filed their reply in support of the Motion to Sever and Transfer. (Dkt. 76.)

Briefing on the Motion to Sever and Transfer was completed on August 26, 2013, when Plaintiff filed its sur-reply. (Dkt. 83.)

On October 9, 2013, Defendant Nintendo of America Inc. filed a Notice of Supplemental

Authority, citing *In re Nintendo Co. Ltd.,* 2013 U.S. App. LEXIS 19606.  (Dkt. 110.)

On November 27, 2013, the Retailer Defendants from the Lead Case filed their Emergency Opposed Motion to Stay the Case Schedule as it pertains to the Retailer Defendants.[2]

On December 2, 2013, Lead Defendants served their invalidity contentions.

On December 16, 2013, Lead Defendants complied with Paragraphs 3(b) and 3(c) of the Discovery Order.  (Dkt. 86.)

And on January 16, 2014, Lead Defendants served their proposed claim constructions. (Dkt. 126.)

Substantive discovery in this case is entering the *Markman* phase.  Absent a stay, the parties must file their Joint Claim Construction Statement pursuant to Local Patent Rule (P.R.) 4-3 by February 6, 2014; file amended pleadings on February 13, 2104; continue and complete claim construction discovery; substantially complete document production and privilege logs; draft opening *Markman* briefs, responses, and replies thereto; prepare for and attend this Court's Claim Construction hearing in Marshall; and otherwise litigate, at significant expense, allegations of infringement—allegations that will not be litigated in this Court if the Court grants the Motion to Sever and Transfer.

## II.   A STAY PENDING RESOLUTION OF THE DEFENDANTS' MOTION TO SEVER AND TRANSFER IS APPROPRIATE.

As noted in *In re Nintendo*, "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case," and "[j]udicial economy requires that [a] district court should not burden itself with the merits of the action until it is decided [whether] a transfer should be effected."  2013 U.S. App. LEXIS 19606, at *20

---

[2]On December 16, 2013, Plaintiff filed its Opposition to the Motion to Stay the Case Schedule. (Dkt. 123).  The Retailer Defendants waived their right to file a reply to Plaintiff's opposition. No Order has issued regarding Retailer Defendants' Emergency Opposed Motion to Stay the Case Schedule.

(citing *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970)).  Thus, "it is not proper to postpone consideration of the application for transfer under § 1404(a) until discovery on the merits is completed."  *In re Nintendo*, 2013 U.S. App. LEXIS 19606, at *20 (citing *In re EMC Corp.*, 501 Fed. Appx. 973, 975-76 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003), and *McDonnell Douglas Corp.*, 429 F.2d at 30).

Further, the Federal Circuit's recent opinion in *In re Fusion-IO* suggests that staying all substantive proceedings in this case pending resolution of Defendants' Motion to Sever and Transfer is the proper course.  *See In re Fusion-IO*, 89 F. App'x at 466 (suggesting that the appropriate course where severance and transfer are sought is for the district court to act on such a motion "before proceeding to any motion on the merits of the action").

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for the litigants.  *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-cv-2391, 2005 U.S. Dist. LEXIS 22047, at *28 (N.D. Tex. Sept. 30, 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)).  Courts routinely stay claims against retailers that merely sell allegedly infringing articles.  *See, e.g., Shifferaw v. EMSON USA,* No. 2:09-cv-54, 2010 U.S. Dist. LEXIS 25612, at *12 (E.D. Tex. Mar. 18, 2010); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 637-641 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 593 (D.N.J. 2001); *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 817 (E.D. Va. 2001); *Oplus Techs. v. Sears Holding Corp.*, No. 1:11-cv-8539, 2012 U.S. Dist. LEXIS 83597, at *7-8 (N.D. Ill. June 15, 2012); *Gold v. Burton Corp.*, 949 F. Supp. 208, 210 (S.D.N.Y. 1996); *Siemens Aktiengesellschaft v. Sonotone Corp.*, 370 F.Supp. 970, 974 (N.D. Ill. 1973).

In determining whether to order a stay, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Microlinc, LLC v. Intel Corp.*, No. 2:07-cv-488, 2010 U.S. Dist. LEXIS 99255, at *9 (E.D. Tex. Sept. 20, 2010).

Here, each of these factors strongly favors a stay.

First, granting the requested stay will not unduly prejudice or present a clear tactical disadvantage to the Plaintiff.  Plaintiff need not bear the burden or expense of litigating against the Lead Defendants until the Court rules on the pending Motion to Sever and Transfer.  Further, Plaintiff cannot rely on a separately-filed case in the same district to argue against transfer.  As this Court noted in *GeoTag*:

> The Court will not permit the existence of separately filed cases to sway its transfer analysis. Otherwise, a plaintiff could manipulate venue by serially filing cases within a single district. Allowing a plaintiff to manufacture venue based on this alone would undermine the principles underpinning transfer law.

*GeoTag, Inc. v. Aromatique, Inc.*, No. 2:10-cv-570, slip op. at 10 (E.D. Tex. Jan. 14, 2013).

Second, a stay as to the Lead Defendants will simplify the issues in question and trial of the case, and thus the second factor weighs in favor of a stay.  Secure Axcess may not need to litigate against the Lead Defendants in this forum should the Court grant the Motion to Sever and Transfer.  Further, the involvement of Retailer Defendants in this case will have no impact on the underlying merits of whether the accused Nintendo products infringe the asserted patent.  Should the accused Nintendo products be found not to infringe, the issue of what relevant sales the Retailer Defendants have made can be avoided entirely.  *See Shifferaw*, 2010 U.S. Dist. LEXIS 25612, at *9-11 (ordering a stay as to retailer defendants and noting that the retailer defendants were peripheral and could only be found liable if the claims against the defendant manufacturer

of the accused products were resolved in favor of the plaintiff).

The parties face the potential risk of duplicative litigation in this Court and the Western District of Washington if a resolution of Defendants' Motion to Sever and Transfer is not decided before any substantive activity occurs in this case. Such a result will likely lead to increased costs incurred by the parties and add complexity to the overall management of the case. Such complexity or duplicative work could result, for example, from differing local practices and procedures between the two districts or an effort by one or more of the parties to have the Washington Court reconsider a ruling in this Court with which they may not be satisfied. If this Court determines that venue for this case is proper in the Western District of Washington, it is respectfully submitted that the Washington Court should assume responsibility for the case before, rather than after, the *Markman* hearing. It will help avoid the potentially duplicative work set forth above. Further, the Washington Court will be better equipped and informed as it determines the various important motions and other pre-trial issues going forward.

And third, the procedural posture of this case also weighs in favor of a stay of the subject deadlines. As stated, the parties are now scheduled to commence the claim construction process. One of the purposes of this motion is to avoid potentially unnecessary discovery by the parties, as well as to avoid reaching the merits, while the forum where the case will be tried is yet undetermined. A stay pending resolution of the Defendants' Motion to Sever and Transfer should be granted because it would eliminate costly expenditures of time and effort relating to discovery and claim construction from the Lead Defendants. *See Constellation IP, LLC v. Allstate Corp.,* No. 5:07-cv-132, 2008 U.S. Dist. LEXIS 46820, at *13-14 (E.D. Tex. May 12, 2008) (noting that early stages of the litigation at issue and the upcoming deadlines relating to claim construction weighed in favor of granting a stay).

For the foregoing reasons, Defendants respectfully request that the Court stay all substantive proceedings, deadlines, and discovery obligations relating to them pending resolution of Defendants' Motion to Sever and Transfer, and the Retailer Defendants' Motion to Stay.

## III.   DEFENDANTS' REQUEST FOR EXPEDITED BRIEFING.

In light of the upcoming deadlines set in the Docket Control Order (Dkt. 108) and, in particular, the February 6, 2014 deadline for filing a Joint Claim Construction Statement, Lead Defendants respectfully request that the Court order expedited briefing so that this Emergency Motion to Stay can be resolved before February 6th.  Accordingly, Defendants request that the Court order that the deadline for Plaintiff to file a response in opposition to this motion be set to Monday, February 3, 2014.  The Defendants hereby waive their right to file a reply to Plaintiff's opposition so as to provide sufficient time for the Court to rule on this motion.  Because the Defendants have waived their right to file a reply, the Plaintiff will not need to file a sur-reply. Accordingly, briefing on this motion can close when Plaintiff files its opposition to this motion.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their request for expedited briefing as set forth above, grant this Emergency Motion to Stay all substantive proceedings, deadlines, and discovery obligations relating to them pending resolution of Defendants' Motion to Sever and Transfer and Retailer Defendants' Motion to Stay, and grant them such other and further relief as the Court may deem appropriate.

Dated:     January 30, 2014                    Respectfully submitted:


                                               By:  */s/ Jay F. Utley*
                                                    Jay F. Utley
                                                    Texas Bar No. 00798559
                                                    BAKER & MCKENZIE LLP
                                                    2300 Trammell Crow Center
                                                    2001 Ross Avenue
                                                    Dallas, TX 75201
                                                    (214) 978-3000
                                                    FAX:  (214) 978-3099
                                                    Jay.Utley@bakermckenzie.com

                                                    Daniel J. O'Connor (Lead Counsel)
                                                    Illinois Bar No. 2086271
                                                    Omar Galaria
                                                    Illinois Bar No. 6303352
                                                    BAKER & MCKENZIE LLP
                                                    300 E. Randolph Street, Suite 5000
                                                    Chicago, IL 60601
                                                    (312) 861-2790
                                                    FAX: (312) 698-2325
                                                    Daniel.O'Connor@bakermckenzie.com
                                                    Omar.Galaria@bakermckenzie.com

                                                    Trey Yarbrough Bar No. 22133500
                                                    Debby E. Gunter Bar No. 24012752
                                                    YARBROUGH WILCOX GUNTER, PLLC
                                                    100 E. Ferguson St., Ste. 1015
                                                    Tyler, TX 75702
                                                    (903) 595-3111
                                                    FAX: (903) 595-0191
                                                    trey@yw-lawfirm.com
                                                    debby@yw-lawfirm.com

                                                    **Attorneys for Lead Defendants,  Nintendo
                                                    Co., Ltd., Nintendo of America Inc., Micro
                                                    Electronics, Inc., Hastings Entertainment,
                                                    Inc., GameStop Corp., Best Buy Stores, L.P.,
                                                    BestBuy.com, LLC, K Mart Corporation,
                                                    Target Corporation, Toys "R" Us-Delaware,
                                                    Inc., Amazon.com, LLC, and Amazon.com,
                                                    Inc.**

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that the undersigned counsel has complied with Local Rule CV-7(h) and has conferred with opposing counsel in a good faith attempt to resolve these matters without court intervention. Counsel for Plaintiff and the Lead Defendants conducted a conference via telephone on January 28, 2014, and were unable to reach an agreement on the matters opposed herein.  The parties, through their counsel, participated in a meaningful discussion regarding their respective positions, but arrived at an impasse, resulting in the need for the Court's intervention and determination of the issue.

*/s/ Jay F. Utley* _____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 30th day of January, 2014.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Jay F. Utley* _____